UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE LEE, | Case No. 2:20-cv-0662-JDP (SS) |
| Plaintiff, | |
| v. | ORDER |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel seeks an award of attorney fees under 42 U.S.C. § 406(b).[1] ECF No. 33. Plaintiff entered into a contingent fee agreement providing that he would pay counsel twenty-five percent of any award of past-due benefits. ECF No. 33-2 at 1. After this court remanded for further proceedings, plaintiff was found disabled and awarded $126,928 in past-due benefits. ECF No. 33-1 at 1. Plaintiff's counsel requests $26,616.25 in attorney fees, which is less than the statutory maximum, and which equates to an effective hourly rate of $879.88. ECF No. 33 at 4.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

---

[1] Although the motion for fees was filed under plaintiff's name, plaintiff's counsel is the real party in interest. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802). The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

The court finds that the requested fees are reasonable. Counsel's billing records reflect a total of 30.25 hours of attorney time on this case. ECF No. 33 at 7. Counsel's request for $26,616.25, which is less than the statutory maximum, would constitute an hourly rate of approximately $879.88 for attorney services.[2] Counsel did not engage in dilatory conduct or perform in a substandard manner. Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. *See* ECF Nos. 27 & 33-1. Given counsel's experience, the result obtained in this case,

---

[2] Plaintiff's counsel suggests that his hourly rate should be calculated from the total amount requested in the instant motion, minus $6,616.25 in fees previously awarded under the Equal Access to Justice Act. ECF No. 33 at 7; *see* ECF No. 32. Because the fees requested under 406(b) must be offset by the EAJA award—i.e., counsel must return the $6,616.25 to plaintiff—the court calculates the effectively hourly rate by dividing the present request for $26,616.25 by the total number of hours counsel worked on this matter. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under [§] 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.") (internal marks and citations omitted).

1  and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable.  *See, e.g.*,

2  *De Vivo v. Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at an effective

3  hourly rate of $1,116.26); *White v. Berryhill*, No. cv 04-00331-AS, 2017 WL 11634804, at *3

4  (C.D. Cal. July 7, 2017) (awarding fees at an effective hourly rate of $1,612); *Monica H. v.*

5  *Comm'r, Soc. Sec. Admin.*, No. 3:16-cv-2111-JR (D. Or. Jan. 25, 2021) (awarding fees at an

6  effective hourly rate of $2,000); *Kelly Kay M. v. O'Malley*, No. 22-cv-1969-DDL, 2024 WL

7  4536462, at *3 (S.D. Cal. Oct. 21, 2024) (awarding fees at an effective hourly rate of $1,923.07).

8       Counsel concedes that the $6,616.25 award should be offset by the fees previously

9  awarded under the under the Equal Access to Justice Act ("EAJA").  ECF No. 32; *see* ECF No.

10  33.  He also indicates that he will reimburse plaintiff the amount previously awarded under the

11  EAJA.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees

12  are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two

13  awards to the plaintiff).

14       Accordingly, it is hereby ORDERED that:

15       1. The motion for attorney fees, ECF No. 33, is GRANTED.

16       2. Plaintiff's counsel is awarded $26,616.25 in fees pursuant to 42 U.S.C. § 406(b).

17       3. Upon receipt of the $award, counsel shall refund to plaintiff the sum of $6,616.25

18  previously awarded under the EAJA.

19  
20  IT IS SO ORDERED.

21  
22  Dated:    November 7, 2025                                

                                                     JEREMY D. PETERSON

23                                                    UNITED STATES MAGISTRATE JUDGE